FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 0 9 2003

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ROBERT DEMOS, JR.,

    Plaintiff,

v.    No. CIV-03-1356 WJ/RLP

GEORGE BUSH,
COLIN POWELL,
JOHN ASHCROFT,
THE GOVERNOR OF NEW MEXICO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff was convicted and sentenced by a state court in King County, Washington, and is confined in a Washington state prison.[1] The complaint alleges that officers who arrested him acted without jurisdiction, his confinement is illegal, and Washington is not a state. For relief, Plaintiff seeks $5,000,000.00 in damages.

These allegations and claims are a slight variation on claims that Plaintiff has raised in proceedings noted above. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (a court may take judicial notice of its own records). The complaint is thus subject to the doctrine of res judicata, which bars claims that were, or could have been, raised in an earlier action. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). Plaintiff's claims are precluded by the dismissal of his previous complaint, and he may not avoid preclusion by adding the Attorney General of the United States to the caption as a named Defendant. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), a form of judgment will be entered in accordance with this order.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The facts of Plaintiff's conviction and confinement are found in a previously filed complaint, *Demos v. Governor*, No. CIV-03-0938 BB/ACT; a petition for writ of habeas corpus under 28 U.S.C. § 2254, *Demos v. Moore*, No. CIV-03-0939 JP/LCS; and a petition asserting similar claims, though not expressly invoking § 2254, *Demos v. Bush*, No. CIV-01-0691 JP/WWD.

2